IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Loretta H. Able,                              ) | |
|                                                  ) | CA No. 5:11-338-TMC |
|                  Plaintiff,        ) | |
| v.                                             ) | **ORDER** |
| Michael J. Astrue, Commissioner of the Social ) | |
| Security Administration,                       ) | |
|                  Defendant.       ) | |

The plaintiff, Loretta H. Able (Able), brought this action under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for Disability Insurance Benefits (DIB) under the Social Security Act (SSA). (Dkt. No. 1.) This matter is before the court for review of the Report and Recommendation (Report) of the United States magistrate judge made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rules 73.02 and 83.VII.02 of the District of South Carolina. (Dkt. No. 23.)[1] The Report recommends affirming the decision of the Commissioner to deny DIB. The court adopts the Report and affirms the denial of DIB.

**I.**

Able filed an application for benefits in November 2003, alleging disability since April 29, 2003. Her application was denied initially and upon reconsideration, and she requested a

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

hearing before an administrative law judge (ALJ). Following the hearing, the ALJ issued an unfavorable decision in March 2006. The Appeals Council denied her request for reconsideration. Able then filed a civil action, and on September 11, 2007, the district court remanded the case for further proceedings. The ALJ conducted another hearing in March 2008 and subsequently issued a partially favorable decision. In this decision, the ALJ determined that Able was not disabled under the SSA prior to February 16, 2007, the day she turned 55. Following that date, however, the ALJ found that Able was disabled. Upon request, the Appeals Council reviewed the ALJ's determination. The Appeals Council affirmed the ALJ's decision as to Able's post-age-55 disability but remanded the case back to the ALJ to resolve conflicting opinions from one of Able's healthcare providers. A different ALJ conducted another hearing on September 22, 2009. This ALJ determined that Able was disabled as of her 55th birthday but not prior. The Appeals Council affirmed this decision. Able then brought this action on February 10, 2011. (Dkt. No. 1.)

The magistrate judge filed the Report on April 18, 2012, recommending that the Commissioner's decision be affirmed. (Dkt. No. 23.) In the Report, the magistrate judge sets forth the relevant facts and legal standards which are incorporated here by reference. Able filed timely filed objections to the Report on May 7, 2012. (Dkt. No. 25.) This matter is now ripe for review.

## II.

The role of the federal judiciary in the administrative scheme established by the SSA is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . . " 42 U.S.C.

§ 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). In its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). However, "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F. 2d at 1157–58.

## III.

In the Report, the magistrate judge recommends finding that the ALJ (1) appropriately considered and discussed the opinions of Able's treating physicians and substantial evidence supports those findings; (2) properly discussed the factors set forth in 20 C.F.R. § 404.1527 in evaluating the opinions of Able's treating physicians; and (3) failed to establish a due process violation. In her objections, Able argues (1) that the magistrate judge erred in her analysis of the treating physicians' medical opinions and (2) generally that the ALJ's determination is not supported by substantial evidence. In response, the government argues that Able essentially

repeats the same arguments she previously made in her initial and reply briefs.

The court agrees with the government. Upon consideration of the record, to include the findings of the ALJ, the briefs of both parties, the Report, and the objections, the court holds that the objections asserted by Able were already addressed in the well-reasoned and well-written Report. The court finds that the ALJ, in reviewing the medical history and subjective testimony, conducted a thorough and detailed review of Able's impairments, arguments, and functional capacity. Likewise, the magistrate judge considered each of Able's arguments and properly addressed each in turn, finding them without merit, and concluding that substantial evidence supported the Commissioner's decision. The court concurs with both the reasoning and the result recommended by the magistrate judge. Having conducted the required de novo review of the issues to which Able has objected, the court finds no basis for disturbing the Report. The court adopts the Report and its recommended disposition.

## IV.

The court has carefully reviewed the record and finds that substantial evidence supports the Commissioner's decision that Robbins was not disabled as defined by the SSA. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that the court must uphold the Commissioner's decision as long as it is supported by substantial evidence.); *see also Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (defining substantial evidence as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion").

For the reasons set out above and in the Report, the Commissioner's final decision is **AFFIRMED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
Timothy M. Cain
United States District Judge

Anderson, South Carolina
September 17, 2012